UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THE PENSION PLAN OF THE  
NATIONAL RETIREMENT FUND, et al.,

                               Plaintiffs,        1:13-cv-2436 (ALC) (JLC)

       -against-                            **OPINION & ORDER**

SEDO SANCHEZ ENTERPRISES, INC., et al.,

                             Defendants.
-------------------------------------------------------------x

ANDREW L. CARTER, JR., United States District Judge:

In this action, Plaintiffs seek to collect statutory payments allegedly owed by Defendants upon their withdrawal as a contributor to Plaintiffs' pension benefit plan. On December 12, 2013, Defendants filed a motion to transfer this action for improper venue under 28 U.S.C. § 1406(a) or on convenience grounds under 28 U.S.C. § 1404(a). (ECF No. 39.) For the reasons described below, the motion is denied.

    I.    COMPLAINT

Defendant Sedo Sanchez Enterprises ("Sedo") is a Pennsylvania corporation that had a collective bargaining agreement from October 2007 to September 2010 with unionized employees who work at the Philadelphia National Airport. (Compl. ¶¶ 8, 13.) Under that agreement, Sedo was required to make payments into the employee benefit plan of Plaintiff Pension Plan of the National Retirement Fund ("the Fund"), a Taft-Hartley trust fund under 29 U.S.C. § 186(c)(5). (Compl. ¶¶ 4, 13.) The Fund is a defined pension benefit plan within the meaning of § 3(35) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

1

U.S.C. § 1002(35). (Compl. ¶ 5.) The Complaint alleges that the Fund is "administered in part in New York County, New York." (Compl. ¶ 3.)

Sedo's contribution obligations under the collective bargaining agreement ceased as of February 28, 2010. (Compl. ¶ 15.) Plaintiffs assert that, as of this date, Defendants became subject to ERISA's complete withdrawal liability provision, Section 4201 of ERISA, 29 U.S.C. § 1383(a), which required payment of $245,233 in 31 quarterly installments of $8,504.14 and a final installment of $1,487.85. (Compl. ¶¶ 16, 19.) On December 21, 2010, Plaintiffs sent a notice of withdrawal liability and a demand for payment. (Compl. ¶ 17.) After Sedo failed to make the first installment payment in February 2011, Plaintiff sent another letter on March 5, 2011 demanding payment from Defendant within 60 days in order to avoid default. (Compl. ¶¶ 20-21.)

Sedo has since not made any payments and, on April 11, 2013, Plaintiffs instituted the instant action under Sections 502(a)(3) and 4301(a) of ERISA on behalf of the Fund. Plaintiffs name as Defendants Sedo, Sedo's President and 100% owner Mercedes Sanchez, and fellow Pennsylvania corporations Chango, Inc., Sanchez Inc. and Third & Girard Inc. Plaintiffs contend that the latter three corporations are liable as trades or business under common control with Sedo, pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code, and the regulations promulgated under Title IV of ERISA, because Sanchez owns a 100% ownership interest in each one and acts as their President. (Compl. ¶¶ 27-32.) Plaintiffs also name ten "other trades or businesses under common control with Sedo" as John Doe Defendants. (Compl. ¶ 33.) Plaintiffs seek to collect the full withdrawal liability due, plus accrued interest, liquidated damages, attorneys' fees and costs.

2

II.     DISCUSSION

   A. **Improper Venue**

Under 28 U.S.C § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The parties agree that 29 U.S.C. §§ 1132(e)(2) and 1451(d) are the applicable venue provisions in this case. 29 U.S.C. § 1132(e)(2) provides that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district *where the plan is administered*, where the breach took place, or where a defendant resides or may be found." (emphasis added). 29 U.S.C. § 1451(d) similarly provides that an action for withdrawal under 29 U.S.C. § 1381 "may be brought in this district *where the plan is administered* or where a defendant resides, does business, or may be found." (emphasis added). As noted, the Complaint alleges that the Fund is "administered *in part* in New York County, New York," and Plaintiffs' contend venue exists in this District on this basis. In moving to transfer, Defendants argue that a plan can only be administered in one district under the statute, and that since the Fund is headquartered in Rhode Island and all relevant communications between the parties emanated from there, venue under the administration component is only proper in the District of Rhode Island. (*See* Defs.' Mot. at 3.)

In opposition to Defendants' motion, Plaintiffs' have submitted an affidavit from Richard Rust, the "Fund Manager" for the Fund. (Jan. 3, 2013 Aff. of Richard Rust, ("Rust Aff.") ¶ 1.) Rust avers that, from October 1, 2007 to the present, the Fund has maintained administrative offices in this District, that the Board of Trustees have routinely met and conducted committee meetings here, and that the Fund's counsel is in New York and regularly commences actions in

3

the District to collect withdrawal liability and delinquent contributions, including more than 20 withdrawal actions in the last two years. (Rust Aff. ¶¶ 2-7.)

The Court finds that Rust affidavit satisfies Plaintiffs' burden to make a *prima facie* showing of venue. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2d Cir. 2013) ("Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction.") (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). "Administered," under §§ 1132(e)(2) and 1451(d) has generally been interpreted to connote where a plan is "managed" or "directed." *See Retirement Plan of United Here National Retirement Fund v. Village Resorts, Inc*, No. 08 Civ. 4229 (RBP), 2009 WL 255860, at *3 (S.D.N.Y. Feb. 3, 2009) (collecting cases). Under this rubric, the Court finds that the Fund is administered in this District because it conducts its business and legal affairs and maintains an office here. *See e.g., id.* at *4 (holding that the Fund was administered in New York because its office and counsel were located in the District and the Fund's Board of Trustees regularly met here); *Sprinzen v. Supreme Court*, 478 F. Supp. 722, 723-24 (S.D.N.Y. 1979) (plan administered in New York given it is where the office located and trustees met).

It remains only for this Court to consider Defendant's contention that venue is improper in this District under 29 U.S.C. §§ 1132(e)(2) and 1451(d) because the Fund is administered in Rhode Island or, more generally, that venue is improper because a plan cannot be administered in more than one district. The parties emphasize two separate authorities on this issue. Defendants, on the one hand, cite to *Holland v. King Knob Coal*, where the Western District of Pennsylvania answered this query in the negative, after observing that the statutory language of "where the plan is administered" is "singular and indicates one district" and that if Congress

4

contemplated administration in more than one district, it "could have easily substituted the word 'the,' which appears immediately before 'district,' with the word 'any.'" 87 F. Supp. 2d 433, 439 (2000). Plaintiffs, on the other hand, cite to Judge Patterson's decision in *Village Resorts, Inc.*, which answered the query in the affirmative, after observing that "Congress intended to open the federal forums to ERISA claims to the fullest extent possible." 2009 WL 255860, at *3, 4. Notably, Plaintiffs here were also the Plaintiffs in *Village Resorts*, and Mr. Rust submitted an affidavit containing averments substantially similar to those in the affidavit submitted to this Court. *See id.*[1]

As a threshold matter, it is not clear to the Court that *Holland* necessarily supports Defendants' position that venue is only proper in Rhode Island under the administration component of the aforementioned ERISA venue provisions. That is, assuming *arguendo* that a plan can only be administered in one district under these provisions, it does not necessarily follow that the one district is where the plan is headquartered and/or where the relevant communications with the defendant originated. To the extent it does, however, the Court is persuaded by and elects to follow Judge Patterson's reasoning in *Village Resorts*, and finds that a plan can be administered and venue can be proper in multiple districts. While this Court is not bound by that decision, *stare decisis* principles militate in favor of adherence to its holding in light of the similarities in the facts and the legal issues determined. *See John Mezzalingua Assocs., Inc. v. Corning Gilbert, Inc.*, No. 5:11-cv-0761 (GLS/DEP), 2012 WL 5880676, at *15 (N.D.N.Y. Sept. 5, 2012) (noting that *stare decisis* "teaches that determinations involving the

---

[1] The court in *Village Resorts* ultimately transferred the action to the Northern District of Illinois on convenience grounds because the plan had not been administered in this District when the Defendant entered into the pension plan agreement. *See Village Resorts*, 2009 WL 255860, at *5. According to the Rust Affidavit, however, the Fund has carried out the relevant activities in this District since the effective date of the collective bargaining agreement, so this issue is nonexistent here. (*See* Rust Aff. ¶¶ 3-7).

same legal question presented under similar circumstances should not ordinarily be reconsidered"), *report and recommendation adopted*, 2012 WL 5880676 (Nov. 21, 2012). The Court also finds it significant that Defendants have neither confronted *Village Resorts* nor offered a compelling reason why this Court should deviate from its holding.

### B. Convenience Transfer

In the alternative to a § 1406(a) transfer, Defendants seek a transfer pursuant to 28 U.S.C. § 1404(a), which permits the court to grant a change of venue "[f]or the convenience of the parties and witnesses, in the interest of justice." A district court has considerable discretion when deciding whether such a transfer is appropriate, but should consider the following factors:

> (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*D.H. Blair & Co., Inc v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (alteration in original) (quoting *Albert Fadem Trust v. Duke Energy Ciro.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)). In this case, Defendants argue that a transfer is warranted because Plaintiffs' choice of the Southern District of New York as the venue is improper, because the Eastern District of Pennsylvania would be a more convenient forum for the witnesses and Defendants, and because many material documents are located in Philadelphia. The Court finds Defendants' arguments unavailing, for several reasons.

Initially, as noted in Section II-A, *supra*, the Court finds that venue is proper in the Southern District of New York. Therefore, Plaintiffs have in fact selected a proper forum, and that choice is entitled to significant deference absent a showing that this District lacks any nexus

6

to the case or that Plaintiffs have engaged in forum shopping, *see Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 251 (E.D.N.Y. 2010), neither of which is present here. In any event, Defendants' arguments regarding the prospective inconvenience to them and their witnesses is exaggerated in light of the relative proximity of Philadelphia to New York. *See, e.g., TIG Ins. Co. v. Century Indem. Co.*, No. 08 Civ. 7322, 2009 WL 1564112, at *2 (S.D.N.Y. June 4, 2009) (noting that "several courts have denied transfer from New York to Philadelphia or, vice versa, based on a claim of inconvenience, given the short distance and the ease of travel between the two cities"). Finally, the argument that material documents are located in Philadelphia is, even if true, a woefully insufficient basis for disturbing Plaintiff's choice of forum, given that documents can easily be digitized and transferred. *See Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007), *aff'd sub nom. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010).

### III. CONCLUSION

For the reasons described above, Defendant Motion to Transfer Case to the Eastern District of Pennsylvania (ECF No. 39) is hereby DENIED.

**SO ORDERED.**

**Dated:** August 18, 2014

**New York, NY**

ANDREW L. CARTER, JR.
United States District Judge

7